UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
XULAN LI,

                 Plaintiff,

    -against-

P.O. BORSATO,

                 Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM AND ORDER
16-CV-2798 (CBA)

**AMON, United States District Judge:**

Plaintiff Xulan Li, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons set forth below, the complaint is dismissed.

## BACKGROUND

Plaintiff brings this action in connection with an automobile accident that occurred on August 25, 2015, in Queens, New York, alleging that Police Officer Borsato "wrote the report against truth and against traffic law." (D.E. # 1 ("Compl.") at 6.)[1] Plaintiff seeks compensation and states that she was "not physically hurt, but my mental was great hurt. I did not even have a correct car accident reports, how can I live? I prefer death." (Id. at 7.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

---

[1] The Court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

1

relief." At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948–50 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191–93 (2d Cir. 2008).

## DISCUSSION

Although plaintiff invokes jurisdiction pursuant to 42 U.S.C. § 1983, section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist., 423 F.3d 153, 159 (2d Cir. 2005) (citing Okla. City v. Tuttle, 471 U.S. 808, 816 (1985)). Further, to maintain a Section 1983 action, a plaintiff must allege two essential elements: (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citations omitted).

Here, plaintiff alleges that Police Officer Borsato incorrectly drafted the police report regarding her car accident. Even under the most liberal construction, plaintiff's accusations simply do not rise to the level of any federal or constitutional violation of her rights.

2

Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Whereas ordinarily the Court would allow plaintiff an opportunity to amend her complaint, see Cruz v. Gomez, 202 F.3d 593, 597–98 (2d Cir. 2000), it need not afford that opportunity here where it is clear from plaintiff's submission that any attempt to amend the complaint would be futile. See Ashmore v. Prus, 510 Fed. Appx. 47, 49 (2d Cir. 2013) (holding that granting leave to amend would be futile where "barriers to relief . . . cannot be surmounted by reframing the complaint"); see also Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Dec. 24, 2016
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

3